03/11/2008 09:38 12134871572   Case 4:08-cv-01378-WDB   Document 1   NOW LEGAL SERVICES   Filed 03/11/2008   Page 1 of 24   PAGE 08/34

03-11-08   09:25am   From-tharpe & howell   +818-205-9944   T-583   P.008   F-012

# E-filing

1  GENE B. SHARAGA, ESQ. (Bar No. 131661)
   **THARPE & HOWELL**
2  **15250 Ventura Boulevard, Ninth Floor**
   **Sherman Oaks, California 91403-3221**
3       Telephone: (818) 205-9955
        Facsimile: (818)205-9944
4  E-Mail: gsharaga@tharpe-howell.com

5  Attorneys for Defendant,
        LOWE'S HIW, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO BRANCH

10 TRESSA JULENE HOPKINS,                  Case No.   **CV 08   1378   JL**

11            Plaintiff(s),              )  (Sonoma County Superior Court Case
                                         )  No. SCV241998)
12 v.                                     )
                                         )  **NOTICE OF REMOVAL OF**
13 LOWE'S HIW, INC. and DOES             )  **ACTION UNDER 28 U.S.C. §1332 &**
   ONE through FIFTY, inclusive,         )  **§1441(b) (DIVERSITY)**
14                                        )
                Defendant(s).            )
15                                        )

16

17        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b),

18 Defendant LOWE'S HIW, INC. ("Defendant"), contemporaneously with the filing of

19 this notice, is effecting the removal of the below referenced action from the Superior

20 Court of the State of California for the County of Sonoma, to the United States District

21 Court, Northern District of California – San Francisco Branch. The removal is based,

22 specifically, on the following grounds:

23        **PLEADINGS, PROCESS AND ORDERS**

24        1.    On or about December 12, 2007, Plaintiff TRESSA JULENE HOPKINS

25 ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the

26 County of Sonoma by filing a Complaint therein entitled <u>TRESSA JULENE HOPKINS</u>

27 <u>v. LOWE'S HIW, INC. and DOES ONE through FIFTY, inclusive,</u> Case No.

28 SCV241998. A true and correct copy of Plaintiff's Summons and Complaint are

1  attached hereto and incorporated herein by reference collectively as Exhibit "A".

2     2.     The Summons and Complaint were served on Defendant via personal
3  service to its Agent for Service of Process on January 2, 2008. (Exhibit "A".)

4     3.     On January 15, 2008, Defendant served a Request for Specification of
5  Damages on Plaintiff.

6     4.     On January 15, 2008, Defendant also propounded a Demand for
7  Identification and Production of Documents and Form Interrogatories to Plaintiff.

8     5.     Defendant timely filed its Answer to Complaint and Demand for Jury Trial
9  on January 22, 2008. A true and correct copy of Defendant's Answer to Complaint and
10  Demand for Jury Trial are attached hereto and incorporated herein by reference
11  collectively as Exhibit "B".

12     6.     On February 26, 2008, Plaintiff served her Statement of Damages on
13  Defendant. A true and correct copy of Plaintiff's Statement of Damages is attached
14  hereto and incorporated by reference as Exhibit "C".

15     7.     The attached exhibits constitute all process, pleadings and orders served
16  upon this defendant in this matter.

17                              **DIVERSITY**

18     **A.    Citizenship**

19     8.     This is a civil action over which this Court has original jurisdiction under
20  28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds
21  the sum of $75,000.00, exclusive of interest and costs. (Exhibit "C"). This action is
22  one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b),
23  as the action is between citizens of different states.

24     9.     Defendant is informed and believes that Plaintiff was, at the time of the
25  filing of this action, and presently remains, a resident and citizen of the State of
26  California.

27     10.    Defendant LOWE'S HIW, INC. is a corporation. Defendant LOWE'S
28  HIW, INC. was, at the time of the filing of the state court action, and remains,

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

-2-

1   incorporated in the State of Washington and its principal place of business is the same.
2   Accordingly, LOWE'S HIW, INC. is a citizen of the State of Washington.

3   **B.    Fictitious Does**

4       11.    Defendant DOES ONE through FIFTY, inclusive, are wholly fictitious.
5   The Complaint does not set forth the identity or status of any said fictitious defendants,
6   nor does it set forth any charging allegation against any fictitious defendants. The
7   naming of said fictitious defendants does not destroy the diversity of citizenship
8   between the parties in this action and are to be disregarded. 28 U.S.C. § 1441(a);
9   Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

10                    **AMOUNT IN CONTROVERSY**

11      12.    Plaintiff's complaint for negligence arises out of allegations that she
12  suffered serious injury when a sliding door fell from its display and struck Plaintiff
13  while she was on Defendant's premises as an invitee. As a result of this alleged
14  incident, Plaintiff claims that she has suffered lost wages, hospital and medical
15  expenses and general compensatory damages. (Exhibit "A"). Although Plaintiff was
16  prohibited from stating a specific amount demanded in her complaint, Defendant has
17  been able to ascertain through "other paper" that the amount in controversy exceeds
18  $75,000.00.[1]

19      13.    Plaintiff's Statement of Damages unequivocally states that Plaintiff is
20  seeking combined special and general compensatory damages in excess of
21  $125,000.00. (Exhibit "C"). As such, Plaintiff's demand for damages is more than the
22  jurisdictional amount.

23      14.    Plaintiff's claimed past medical specials alone amount to $116,450.45.
24  (Exhibit "C"), which is well above the jurisdictional amount. Furthermore, Plaintiff
25  indicates in her Statement of Damages that her medical specials are continuing.

26

27      [1] In California state court actions brought to recover damages for personal injury, plaintiffs
28  are prohibited from stating the amount demanded in their complaint. California Code of Civil
    Procedure §425.10.

- 3 -
**NOTICE OF REMOVAL OF ACTION**

Hopkins v. Lowe's HIW, Inc., et al.
Case No.

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  (Exhibit "C").

2  ### TIMELINESS OF REMOVAL

3       15.    This Notice of Removal is timely filed in that it has been filed within thirty

4  (30) days after receipt by Defendant of "other paper" (i.e., Plaintiff's Statement of

5  Damages) from which it could first be ascertained that the case is removable, pursuant

6  to 28 U.S.C. § 1446(b), and within one year of the filing of the Complaint. Such "other

7  paper" was served on February 26, 2008.

8       16.    For all of the foregoing reasons, this Court has original jurisdiction under

9  28 U.S.C. §§ 1332 and 1441(b).

10

11  Dated: March 10, 2008                          THARPE & HOWELL

12

13                                      By:    _Gene B. Sharaga_
                                               GENE B. SHARAGA
14                                             Attorney for Defendant,
                                               LOWE'S HIW, INC.
15

16  G:\Data\22031\Pleadings\NTC REMOVAL.wpd

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION**
Hopkins v. Lowe's HIW, Inc., et al.
Case No.

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# Exhibit "A"

12/12/2007   12:11   7877623538                    LAWOFFICEOFFJCHRISTR   /01 / PAGE  82/87

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOWE'S HIW, INC. and DOES ONE through FIFTY,
Inclusive,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED

DEC 12 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
TRESSA JULENE HOPKINS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> Sonoma County Superior Court <br> 600 Administration Drive, Room 107-J <br><br> Santa Rosa, California   95403-2878 <br> Unlimited Jurisdiction | CASE NUMBER: *(Número del Caso):* <br> **SCV 241598** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Frank J. Christy, Jr., SBN 119615          707.773.2714     707.762.3538
Law Offices of Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA 94952

DATE: DEC 12 2007    DENISE L. GORDON, Clerk, by    KIM MORPHY    , Deputy
*(Fecha)*                    *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): LOWES HIW, INC
    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

1  FRANK J. CHRISTY, JR., SBN 119615
2  LAW OFFICES OF FRANK J. CHRISTY, JR.
   11 Western Avenue
3  Petaluma, California 94952
   Telephone: (707) 773-2714
4  Facsimile: (707) 762-3538

   Attorney for Plaintiff
5  TRESSA JULENE HOPKINS
6
7            SUPERIOR COURT OF CALIFORNIA
8               UNLIMITED JURISDICTION
9               COUNTY OF SONOMA
10
11  TRESSA JULENE HOPKINS,              Case No.: SCV 241998
12           Plaintiff,
                                        COMPLAINT FOR PERSONAL
13     vs.                              INJURIES AND DAMAGES
                                        (Non-Motor Vehicle Accident)
14  LOWE'S HIW, INC. and DOES ONE through  (Over $25,000.00)
    FIFTY, inclusive,
15
16           Defendants.
17
18            **FIRST CAUSE OF ACTION**
19                 (Negligence)
20     Plaintiff TRESSA JULENE HOPKINS complains of Defendants LOWE'S HIW, INC.
21  and DOES ONE through FIFTY, inclusive, and each of them, and alleges:
22                        I.
23     Plaintiff does not know the true names or capacities, whether individual, corporate,
24  associate or otherwise, of Defendants sued herein under Code of Civil Procedure section 474 as
25  DOE ONE through DOE FIFTY, and therefore sues said Defendants by such fictitious names.
26  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named
27  Defendants is negligently responsible, vicariously responsible, breached express or implied
28  warranties, is strictly liable, and otherwise legally responsible in some manner for the events
    and happenings herein referred to and thereby proximately causing injury and damages to

    Complaint for Damages                                1

ENDORSED
FILED
DEC 1 2 2007
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1  Plaintiff as alleged herein. Plaintiff prays leave of Court that when the true names and
2  capacities of said fictitiously named defendants, or any of them, are ascertained, she be
3  permitted to insert the same herein, with appropriate charging allegations as to each.

                                    II.

4
5      That at all times herein mentioned, Defendants LOWE'S HIW, INC. and DOES ONE
6  through FIVE, were sole proprietorships, partnerships, corporations and/or other business
7  entities organized and existing under the laws of the State of Washington; and were doing
8  business in the City of Cotati, Sonoma County, California in that they operated a store known as
9  LOWE'S and DOES SIX though TEN, that was located at 7921 Redwood Drive, in the City of
10 Cotati, Sonoma County, California; and that said store sold home improvement material.

                                    III.

11
12     That at all times herein mentioned, Defendants DOES ELEVEN through FIFTEEN
13 were the manufacture and/or distributor of a display unit for French Doors that was utilized at
14 all times at the aforementioned LOWE'S and DOES SIX though TEN.

                                    IV.

15
16     That at all times herein mentioned, Defendants DOES SIXTEEN through TWENTY,
17 and each of them, were employees and/or agents of Defendants LOWE'S HIW, INC., and
18 DOES ONE through FIVE and LOWE'S DOES SIX though TEN and were working at the
19 aforementioned LOWE'S and DOES SIX though TEN, in the City of Cotati, County of
20 Sonoma, State of California.

                                    V.

21
22     That at all times herein mentioned, Defendants DOES ONE through FIFTY, were
23 servants, agents, employees and/or joint venturers of all other defendants and were as such
24 acting within the course and scope of said respective service, agency, employment, or joint
25 venture as to each and every other defendant.

                                    VI.

26
27     That on or about June 27, 2007, Plaintiff TRESSA JULENE HOPKINS was lawfully in
28 the aforementioned LOWE'S and DOES SIX though TEN and was shopping for home
   improvement materials, including, but not limited to French Doors; that there was a display of

Complaint for Damages

                                                              2

1   French Doors that allowed customers of LOWE'S and DOES SIX though TEN to slide various
2   French Doors out of the display in order to gain a better view of the doors; and that Plaintiff
3   utilized said display in that she attempted to pull out a French Door in order to gain a better
4   view of the door.

5                                    VII.

6        That at said time and place, Defendants so carelessly and negligently installed, set-up,
7   maintained, secured, repaired, controlled, and warned of the dangers associated with the display
8   and sliding the doors out of the display so that when Plaintiff TRESSA JULENE HOPKINS
9   attempted to slide one of the French Doors out of the display rack in order to get a better view
10  of said door, said French Door began to and did fall on Plaintiff because said door and display
11  had not been properly and/or adequately installed, set-up, maintained, secured, repaired and/or
12  controlled, and that said Defendants failed to adequately warn of the dangers associated with the
13  display and the doors; and further to the extent that there was a warning regarding the weight of
14  the doors the portion of the warning in English was obstructed; thereby causing Plaintiff to
15  sustain the injuries and damages hereinafter mentioned.

16                                    VIII.

17       That by reason of the premises, Plaintiff TRESSA JULENE HOPKINS was caused to
18  and did sustain the following injuries, to wit: injury to her left shoulder, and severe nervous
19  shock; that Plaintiff was thereby rendered sick, sore, lame and disabled, and has been caused to
20  undergo a course of extreme pain and suffering, and has sustained general damages.

21                                    IX.

22       That by reason of his injuries, Plaintiff TRESSA JULENE HOPKINS has been
23  compelled to incur obligations as and for medical services, x-rays, medicines and medical
24  supplies, and will, in the future, be compelled to incur additional obligations therefore; that
25  Plaintiff does not at this time know the reasonable value thereof, but prays that the same may be
26  inserted herein when ascertained.

27                                    X.

28       That by reason of the premises, Plaintiff TRESSA JULENE HOPKINS has been
    deprived of her earning power, and will, in the future, be deprived thereof; that Plaintiff does

Complaint for Damages                                                                    3

1   not at this time know the reasonable value thereof, but prays that the same may be inserted

2   herein when ascertained.

3       WHEREFORE, Plaintiff TRESSA JULENE HOPKINS prays for judgment against

4   Defendants, and each of them, for prejudgment interest pursuant to law, for general damages,

5   for special damages according to proof, for costs of suit herein incurred and for such other and

6   further relief as the Court deems proper.

7   Dated: December 12, 2007                    LAW OFFICES OF FRANK J. CHRISTY, JR.

8

9

10

11                                              By: _____
12                                                  Frank J. Christy, Jr.
                                                    Attorney for Plaintiff
13                                                  TRESSA JULENE HOPKINS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages                                                               4

# Exhibit "B"



ENDORSED
FILED

JAN 22 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA.

1      **THARPE & HOWELL**
       15250 Ventura Boulevard, Ninth Floor
2      Sherman Oaks, California 91403-3221
       (818) 205-9955; (818) 205-9944 Fax
3

4      CHARLES D. MAY, ESQ.
       STATE BAR NO.: 129663
5

6      Attorneys for Defendant,
              LOWE'S HIW, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SONOMA

10

11     TRESSA JULENE HOPKINS,                 CASE NO.: SCV 241998
                                              *Civil Unlimited Jurisdiction*
12             Plaintiff(s),
                                              ANSWER TO COMPLAINT
13     v.

14     LOWE'S HIW, INC. and DOES ONE
       through FIFTY, inclusive,
15
               Defendant(s).
16

17            COMES NOW defendant, LOWE'S HIW, INC., for itself, alone and for no other defendant,

18     in answering the plaintiff's complaint on file herein, admits, denies and alleges as follows:

19            1.      Under the provisions of §431.30 of the California Code of Civil Procedure, this

20     answering defendant denies both generally and specifically each and every allegation in said

21     complaint and the whole thereof, including each and every purported cause of action contained

22     therein, and denies that the plaintiff sustained damages in any sum or sums, or at all.

23            2.      Further answering plaintiff's complaint on file herein and the whole thereof, including

24     each and every purported cause of action contained therein, this answering defendant denies that the

25     plaintiff sustained any injury, damage or loss, if any, by reason of any act or omission on the part of

26     this answering defendant, or any agent, servant or employee of this answering defendant.

27     ///

28     ///

                                    - 1 -
                          **ANSWER TO COMPLAINT**

1   FOR A FIRST, SEPARATE AND

2   DISTINCT AFFIRMATIVE DEFENSE,

3   THIS ANSWERING DEFENDANT ALLEGES:

4       3.    That plaintiff herein is barred from any recovery herein on the basis that her own

5   negligence was the sole and proximate cause of the accident and injuries sustained herein, but in the

6   event a finding is made that negligence exists on the part of this answering defendant which

7   proximately contributed to plaintiff's injuries and/or damages, plaintiff's amount of recovery, if any,

8   shall be reduced on the basis of her own comparative negligence which contributed to the accident

9   herein and the injuries and/or damages and claims upon which plaintiff is seeking recovery against

10  this answering defendant.

11  FOR A SECOND, SEPARATE AND

12  DISTINCT AFFIRMATIVE DEFENSE,

13  THIS ANSWERING DEFENDANT ALLEGES:

14      4.    That the injuries and damages, if any, sustained by plaintiff were proximately caused

15  by the negligence, carelessness or fault of others, and therefore the plaintiff may recover from this

16  defendant only that apportionment of damages directly attributable to the negligence, carelessness

17  or fault of this answering defendant (which allegation is being made solely for the purpose of this

18  pleading and without admitting such to be the fact).

19  FOR A THIRD, SEPARATE AND

20  DISTINCT AFFIRMATIVE DEFENSE,

21  THIS ANSWERING DEFENDANT ALLEGES:

22      5.    That the Complaint and each of the purported Causes of Action therein complained

23  fail to state a Cause of Action against this answering defendant.

24  FOR A FOURTH, SEPARATE AND

25  DISTINCT AFFIRMATIVE DEFENSE,

26  THIS ANSWERING DEFENDANT ALLEGES:

27      6.    That plaintiff's Complaint herein, and the whole thereof, and each and every purported

28  cause of action contained therein is barred by the running the applicable statute of limitations as is

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -
ANSWER TO COMPLAINT

1   embodied in California Code of Civil Procedure, Sections 338, 339, 340, 343.

2        FOR A FIFTH, SEPARATE AND

3        DISTINCT AFFIRMATIVE DEFENSE,

4        THIS ANSWERING DEFENDANT ALLEGES:

5        7.    That immediately prior to the occurrence of the incident referred to in the Complaint

6   herein, plaintiff failed to use and exercise caution for her own protection, and safety in that among

7   other things she freely and voluntarily placed herself in a position so as to be exposed to a likelihood

8   of injury and that at the time and place of said accident, plaintiff was fully aware of the dangers

9   incident thereto and continued to freely and voluntarily expose herself to same, and thereby assumed

10   the risk thereof, and in having assumed the risk, is therefore barred by the assumption of the risk for

11   any recovery herein or the applicable abatement of such recovery, if any, herein.

12        FOR A SIXTH, SEPARATE AND

13        DISTINCT AFFIRMATIVE DEFENSE,

14        THIS ANSWERING DEFENDANT ALLEGES:

15        8.    That if plaintiff sustained any injuries or damages as a result of the accident or

16   incident complained of herein, then plaintiff proximately caused, aggravated and/or failed to take

17   proper action to reduce and/or mitigate said injuries and damages.

18        FOR A SEVENTH, SEPARATE AND

19        DISTINCT AFFIRMATIVE DEFENSE,

20        THIS ANSWERING DEFENDANT ALLEGES:

21        9.    In accordance with the provisions of California Civil Code Section 1431 Et. Seq., the

22   liability of this answering defendant, if any, must be compared with the liability of others including

23   plaintiff herein. This defendant is not liable for any greater percentage of non-economic damages

24   if any than its percentage of liability bears to 100% liability.

25   ///

26   ///

27   ///

28   ///

-3-
ANSWER TO COMPLAINT

03/11/2008 09:28 12134881678    Case 4:08-cv-01328-WDB    Document 1    NON-LEGAL SERV/7228    Filed 03/11/2008    Page 15 of 24    PAGE    22/34

03-11-08    09:26am    From-tharpe & howell    +818-205-9944    T-583    P.022/034    F-012

1    WHEREFORE, this answering defendant prays that plaintiff take nothing by way of the

2    Complaint on file herein and that this answering defendant may be hence dismissed with costs of suit

3    incurred herein and for such other and further relief as the Court may deem just and proper in the

4    premises.

5

6    DATED: January 15, 2008                    THARPE & HOWELL

7

8                                    By: _____

9                                    CHARLES DULAY
                                     Attorneys for Defendant,
10                                   LOWE'S HIW, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THARPE & HOWELL**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403-3221**

-4-
ANSWER TO COMPLAINT

THARPE & HOWELL<br>15250 Ventura Boulevard, Ninth Floor<br>Sherman Oaks, California 91403-3221

# PROOF OF SERVICE
### [1013A (3) C.C.P.]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15250 Ventura Boulevard, 9th Floor, Sherman Oaks, California 91403-3221.

On January 15, 2008, I served the foregoing document described as **ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Frank J. Christy, Jr., Esq.                 Attorney for Defendant,
LAW OFFICES OF FRANK J. CHRISTY,   LOWE'S HIW, INC.
JR.
11 Western Avenue
Petaluma, CA 94952
(707) 773-2714; (707) 762-3538 - Fax

X    **BY MAIL** - I deposited such envelope in the mail at Sherman Oaks, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sherman Oaks, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____    **BY FACSIMILE** - The document was transmitted by facsimile transmission and transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine and a copy of the transmission report is attached to my file copy of this declaration.

_____    **BY OVERNIGHT DELIVERY** - I caused an envelope to be hand-delivered to a representative of either DHL, FEDEX or EXPRESS MAIL at Sherman Oaks, California; whereupon said envelope is to be delivered by hand to a representative of the addressee on the next business day. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery with DHL, FEDEX or EXPRESS MAIL.

_____    **BY PERSONAL SERVICE** - I delivered such envelope by hand to the offices of the addressee.

Executed on January 15, 2008, at Sherman Oaks, California.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

JACQUELINE THORNE
       NAME

C:\Data\2223\Pleadings\answer.wpd

-5-
**ANSWER TO COMPLAINT**

```
 1   │   THARPE & HOWELL
     │   15250 Ventura Boulevard, Ninth Floor
 2   │   Sherman Oaks, California 91403-3221
     │   (818) 205-9955; (818) 205-9944 Fax
 3   │
 4   │   CHARLES D. MAY, ESQ.
     │   STATE BAR NO.: 129663
 5   │
 6   │   Attorneys for Defendant,
     │            LOWE'S HIW, INC.
 7   │
 8   │               SUPERIOR COURT OF THE STATE OF CALIFORNIA
 9   │                         COUNTY OF SONOMA
10   │
11   │   TRESSA JULENE HOPKINS,            )   CASE NO.: SCV 241998
     │                                    )   Civil Unlimited Jurisdiction
12   │              Plaintiff(s),          )
     │                                    )   DEMAND FOR TRIAL BY JURY
13   │   v.                               )
     │                                    )
14   │   LOWE'S HIW, INC. and DOES ONE     )
     │   through FIFTY, inclusive,         )
15   │                                    )
     │              Defendant(s).          )
16   │   _____)
17   │   TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:
18   │       PLEASE TAKE NOTICE that the defendant, LOWE'S HIW, INC., hereby demands trial of
19   │   the above action by jury.
20   │
21   │   DATED: January 15, 2008                THARPE & HOWELL
22   │
23   │                                    By: _____
     │                                         CHARLES D. MAY
24   │                                         Attorneys for Defendant,
     │                                         LOWE'S HIW, INC.
25   │
26   │
27   │
28   │
     │                              - 1 -
     │                    DEMAND FOR TRIAL BY JURY
```

1

## PROOF OF SERVICE
## [1013A (3) C.C.P.]

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15250 Ventura Boulevard, 9th Floor, Sherman Oaks, California 91403-3221.

4

5    On January 15, 2008, I served the foregoing document described as **DEMAND FOR TRIAL BY JURY** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

6

7    Frank J. Christy, Jr., Esq.                     Attorney for Defendant,
     LAW OFFICES OF FRANK J. CHRISTY,    LOWE'S HIW, INC.
     JR.

8    11 Western Avenue
     Petaluma, CA 94952

9    (707) 773-2714; (707) 762-3538 - Fax

10   ☒    BY MAIL - I deposited such envelope in the mail at Sherman Oaks, California. The envelope was mailed with postage thereon fully prepaid.

11

12   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sherman Oaks, California, in the ordinary course of business.

13   I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15   ____    BY FACSIMILE - The document was transmitted by facsimile transmission and transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine and a copy of the transmission report is attached to my

16   file copy of this declaration.

17   ____    BY OVERNIGHT DELIVERY - I caused an envelope to be hand-delivered to a representative of either DHL, FEDEX or EXPRESS MAIL at Sherman Oaks, California; whereupon

18   said envelope is to be delivered by hand to a representative of the addressee on the next business day. I am "readily familiar" with the firm's practice of collection and processing correspondence for

19   delivery with DHL, FEDEX or EXPRESS MAIL.

20   ____    BY PERSONAL SERVICE - I delivered such envelope by hand to the offices of the addressee.

21

22   Executed on January 15, 2008, at Sherman Oaks, California.

23   I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

24

25   JACQUELINE THORNE
     NAME                                                SIGNATURE

26   [X\Case\X225\Pleadings\jury.wpd]

27

28

-2-

**DEMAND FOR TRIAL BY JURY**

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# Exhibit "C"

FRANK J. CHRISTY, JR., SBN 119615
LAW OFFICES OF FRANK J. CHRISTY, JR.
11 Western Avenue
Petaluma, California 94952
Telephone: (707) 773-2714
Facsimile: (707) 762-3538

Attorney for Plaintiff
TRESSA JULENE HOPKINS

SUPERIOR COURT OF CALIFORNIA

UNLIMITED JURISDICTION

COUNTY OF SONOMA

| | |
|---|---|
| TRESSA JULENE HOPKINS, | Case No.: SCV 241998 |
| Plaintiff, | **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR STATEMENT OF DAMAGES** |
| vs. | |
| LOWE'S HIW, INC. and DOES ONE through FIFTY, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:    Defendant LOWE'S HIW, INC.

RESPONDING PARTY:    Plaintiff TRESSA JULENE HOPKINS

SET NO.:    ONE

Comes now plaintiff, TRESSA JULENE HOPKINS, and responds to Defendant's Request for Statement of Damages. The responses provided hereinafter are based upon the information currently available to Plaintiff. Consequently, Plaintiff reserves the right to supplement these Responses in the event that additional relevant information becomes available during the course of this litigation. The foregoing is hereby incorporated by reference into each and every all and singular of the responses set forth hereinafter:

Economic Damages:

Past Wage Loss:    $6,688.75 to 7,689.75

| | | |
|---|---|---|
| 1 | Future Wage Loss: | To be determined |
| 2 | Medical Specials | |
| 3 | Past Medical Specials: | $116,450.45 and continuing. |
| 4 | Future Medical Specials: | To be determined. |
| 5 | Miscellaneous: | $2,621.76 |
| 6 | General Damages | |

7    In an amount in excess of the jurisdictional limit of the Sonoma County Superior Court

8 — Unlimited Jurisdiction.

9

10   Dated: February 26, 2008          LAW OFFICES OF FRANK J. CHRISTY, JR.

11

12

13

14                              By: _____

15                                  Frank J. Christy, Jr.
                                    Attorney for Plaintiff
16                                  TRESSA JULENE HOPKINS

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Responses to Defendant's Request for Statement of Damages                      2

PROOF OF SERVICE BY MAIL

I, Donna C. Kamahele, declare that:

1.     I am employed in the County of Sonoma, California; I am over the age of eighteen years and not a party to the within cause. My business address is 11 Western Avenue, Petaluma, CA 94952.

2.     I am readily familiar with the practice of LAW OFFICES OF FRANK J. CHRISTY, JR. for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

3.     I served **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR STATEMENT OF DAMAGES** in said cause on the following interested parties:

Charles D. May, Esq.
Tharpe & Howell
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, CA 91403-3221
*Counsel for Defendant Lowe's HIW, Inc.*

4.     Said service was performed by U.S. Postal Service (mail) by placing each such document in a sealed envelope addressed as noted above, with first class mail postage thereon fully prepaid, for collection and mailing at Petaluma, California, following the above-stated business practice, on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed and served February 26, 2008, at Petaluma, Sonoma County, California.

Donna C. Kamahele

*Hopkins v. Lowe's HIW, Inc., et al.*
Case No.

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.    At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.    My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, California 91403.

3.    I served copies of the following documents (specify the exact title of each document served): **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

4.    I served the documents listed above in item 3 on the following persons at the addresses listed:

Frank J. Christy, Jr., Esq.
LAW OFFICES OF FRANK J. CHRISTY, JR.
11 Western Avenue
Petaluma, CA 94952
(707) 773-2714; (707) 762-3538 - Fax
Attorneys for Plaintiff,
TRESSA JULENE HOPKINS

5.    a.    ☐    **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to        identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b.    ☒    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

(1)    ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2)    ☒    placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

- 5 -

**NOTICE OF REMOVAL OF ACTION**

*Hopkins v. Lowe's HIW, Inc., et al.*
Case No.

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1   I am a resident or employed in the county where the mailing occurred.
2   The envelope or package was placed in the mail at Sherman Oaks, California.

3   c.  ☐  **By overnight delivery.** I enclosed the documents on the date shown
4   below in an envelope or package provided by an overnight delivery carrier and addressed to   the person at the addresses in item 4. I placed the
5   envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

6   d.  ☐  **By messenger service.** I served the documents on the date shown below
7   by placing them in an envelope or package addressed to the person on the addresses   listed in item 4 and providing them to a professional
8   messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

9
10  e.  ☐  **By fax transmission.** Based on an agreement of the parties to accept
    service by fax transmission, I faxed the documents on the date shown
11  below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

12
13  f.  ☐  **By e-mail or electronic transmission.** Based on an agreement of the
    parties to accept service by e-mail or electronic transmission, I caused the
14  documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time
15  after the transmission any electronic message or other indication that the transmission was unsuccessful.

16  ☒  I declare that I am employed in the office of a member of the bar of this
17  Court at whose direction service was made.

    ☐ I declare that I am a member of the bar of this Court.
18
19
20  March 11, 2008            Marie Davis             [signature]
    DATE              (TYPE OR PRINT NAME)        (SIGNATURE)
21
22  G:\Data\22031\Pleadings\NTC REMOVAL.wpd
23
24
25
26
27
28

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 6 -

NOTICE OF REMOVAL OF ACTION

Hopkins v. Lowe's HIW, Inc., et al.
Case No.