GENE B. SHARAGA, ESQ. (Bar No. 131661)
**THARPE & HOWELL**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403-3221**
**Telephone: (818) 205-9955**
**Facsimile: (818)205-9944**
**E-Mail: gsharaga@tharpe-howell.com**

Attorneys for Defendant,
LOWE'S HIW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

TRESSA JULENE HOPKINS,

Plaintiff(s),

v.

LOWE'S HIW, INC. and DOES ONE through FIFTY, inclusive,

Defendant(s).

**CASE NO.** 4:08-cv-1378 CW

(Honorable Claudia Wilken, Courtroom 2, 4th Floor)

(Sonoma County Superior Court Case No. SCV241998)

**PROOF OF SERVICE OF CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE DATED MAY 1, 2008**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, California 91403.

3. I served copies of the following documents (specify the exact title of each document served): **CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE DATED MAY 1, 2008** (attached hereto and made a part hereof)

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

///

///

///

Frank J. Christy, Jr., Esq.
LAW OFFICES OF FRANK J. CHRISTY, JR.
11 Western Avenue
Petaluma, CA 94952
(707) 773-2714; (707) 762-3538 - Fax
Attorneys for Plaintiff,
TRESSA JULENE HOPKINS

5. a. ☐ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

(2) ☒ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -

PROOF OF SERVICE OF CASE MANAGEMENT SCHEDULING ORDER

G:\Data\22031\Pleadings\POS Case Mgmt Sch Order 01.wpd

Hopkins v. Lowe's HIW, Inc., et al.
Case No. 4:08-cv-1378 CW

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

e. ❑ **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ❑ **By e-mail or electronic transmission**. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

❑ I declare that I am a member of the bar of this Court.

| May 5, 2008 | Jacqueline J. Thorne | /s/ Jacqueline J. Thorne |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE) |

G:\Data\22031\Pleadings\POS Case Mgmt Sch Order 01.wpd

- 3 -

PROOF OF SERVICE OF CASE MANAGEMENT SCHEDULING ORDER

G:\Data\22031\Pleadings\POS Case Mgmt Sch Order 01.wpd

Hopkins v. Lowe's HIW, Inc., et al.
Case No. 4:08-cv-1378 CW

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRESSA J. HOPKINS,

Plaintiff,

v.

LOWE'S HIW INC.,

Defendant.

No. C 08-01378 CW

CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE

This action having been reassigned to the undersigned judge,

IT IS HEREBY ORDERED that a Case Management Conference will be held on **June 24, 2008, at 2:00 p.m.** in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612. Pursuant to Civil L.R. 16-9(a), a joint Case Management Statement will be due seven (7) days prior to the conference.

Removing Defendant is directed to serve a copy of this Order at once on all parties to this action in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure. Following service, the party causing the service shall file a certificate of service with the Clerk of Court.

This case has been designated for the Court's Electronic Case

Filing (ECF) Program. Pursuant to General Order 45, each attorney of record is obligated to become an ECF user and be assigned a user ID and password for access to the system. All documents required to be filed with the Clerk shall be filed electronically on the ECF website, except as provided otherwise in section VII of General Order 45 or authorized otherwise by the court.

IT IS SO ORDERED.

Dated: May 1, 2008

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

(Rev. 10/10/07)

NOTICE

**Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:00 p.m. **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody. **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment: All issues shall be contained within one motion of 25 pages or less, made on 35 days notice. (See Civil L.R. 7-2). Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (See Civil Local Rule 56-2(a)). The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion. Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court. Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing. The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing. (See Civil Local Rule 7-3). The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

All discovery motions are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

Pursuant to General Order 45,§ VI.G, "In all cases subject to ECF, in addition to filing papers electronically, the parties are required to lodge for chambers **no later than noon on the business day following the day that the papers are filed electronically**, one paper copy of each document that is filed electronically."

(rev. 10/10/07)

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.