1  GENE B. SHARAGA, ESQ. (Bar No. 131661)
   **THARPE & HOWELL**
2  **15250 Ventura Boulevard, Ninth Floor**
   **Sherman Oaks, California 91403-3221**
3      Telephone: (818) 205-9955
       Facsimile: (818) 205-9944
4     E-Mail: gsharaga@tharpe-howell.com

5  Attorneys for Defendant,
       LOWE'S HIW, INC.

6

7

8               UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

10

11 | TRESSA JULENE HOPKINS,              ) **CASE NO. 4:08-cv-1378 CW**
12 |         Plaintiff(s),               ) (Honorable Claudia Wilken, Courtroom
                                         ) 2, 4th Floor)
13 | v.                                  )
                                         ) (Sonoma County Superior Court Case
14 | LOWE'S HIW, INC. and DOES           ) No. SCV241998)
   | ONE through FIFTY, inclusive,       )
15 |                                     ) **JOINT CASE MANAGEMENT**
   |         Defendant(s).               ) **STATEMENT**
16 |                                     )
                                         )
17 _____

18       Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 16 and 26,
19 Northern District of California Civil Local Rule 16-9, the Standing Order for All
20 Judges of the Northern District of California - Contents of Joint Case Management
21 Statement and this Court's Case Management Scheduling Order, the parties hereby
22 submit this Joint Case Management Statement on behalf of defendant LOWE'S HIW,
23 INC. ("Defendant") and plaintiff TRESSA JULENE HOPKINS ("Plaintiff"). The
24 parties have met and conferred in accordance with the requirements of FRCP Rule
25 26(f).
26 //
27 //
28

- 1 -
**JOINT CASE MANAGEMENT STATEMENT**

## I. JURISDICTION AND SERVICE

This Court's subject matter jurisdiction over this case arises under 28 U.S.C. §1332 & §1441(b), as complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. At this time, there are no issues regarding personal jurisdiction or venue, and no parties remain to be served.

## II. FACTS

This action arises from an alleged incident on June 27, 2007, that took place on the premises of defendant LOWE'S HIW, INC.'s store located at 7921 Redwood Drive, Cotati, California 94931. In her complaint stating a premises liability cause of action, Plaintiff claims she was injured when a sliding door fell out of its display while she was viewing it and struck plaintiff on her left shoulder. Plaintiff is seeking damages for wage loss, hospital and medical expenses and general compensatory damages. Plaintiff claims injuries to her left shoulder, arm and elbow as a result of the alleged incident. At this time, defendant disputes liability, causation and damages. Limited discovery has been conducted and therefore defendant has limited information regarding plaintiffs' claims.

## III. LEGAL ISSUES

At this time, defendant disputes liability, causation and damages. The parties agree that state substantive law should be applied in the adjudication of this case.

## IV. MOTIONS

There are no prior or pending motions at this time. Defendant intends to file a Motion for Summary Judgment/Adjudication, if applicable.

## V. AMENDMENT OF PLEADINGS

At this time, the parties do not anticipate any amendments to the pleadings to add or dismiss any parties, claims or defenses.

## VI. EVIDENCE PRESERVATION

The parties have agreed to take any reasonable steps necessary to preserve

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The parties have fully complied with the initial disclosure requirements of FRCP Rule 26(a)(1), including disclosure of individuals likely to have discoverable information and identification of documents and tangible things each party may use to support its claims or defenses.

## VIII. DISCOVERY

A. <u>Discovery Taken to Date</u>: The parties have exchanged initial disclosures pursuant to FRCP 26(a)(1). Further, the parties will be propounding initial sets of written discovery, including Interrogatories pursuant to FRCP 33 and Requests to Produce Documents, Electronically Stored Information and Tangible Things pursuant to FRCP 34, in the immediate future.

B. <u>Scope of Anticipated Discovery</u>: Discovery is needed on the following subjects: liability, causation and the nature and extent of plaintiff's injuries.

C. <u>Proposed limitations or Modifications of the Discovery Rules</u>: Defendant will request that plaintiff submit to an independent medical examination. Otherwise, the parties do not anticipate that any changes should be made to the limitations of discovery, aside from those imposed by the FRCP and the Northern District of California Local Rules.

D. <u>Proposed Discovery Plan</u>:

1. <u>Initial Disclosures</u>: The parties do not propose that any changes should be made in the timing, form or requirement for disclosures under Rule 26(a). Initial disclosures were timely made on June 6, 2008.

2. <u>Subjects on Which Discovery May Be Needed</u>: Discovery is needed on the following subjects: liability, causation and the nature and extent of plaintiff's injuries.

3. <u>Proposed Cut-Off Date for Non-Expert Discovery</u>: February 27,

2009.

4. <u>Proposed Cut-Off Date for Disclosure of Expert Witnesses pursuant to FRCP 26(a)(2)</u>: January 30, 2009.

5. <u>Proposed Cut-Off Date for Expert Witness Discovery</u>: March 15, 2009.

6. <u>Discovery Relating to Electronically Stored Information</u>: The parties do not anticipate there being any discovery relating to electronically stored information.

7. <u>Protective Order</u>: Defendant anticipates that a protective order will be necessary to the extent that plaintiffs seek the production of any information which it considers to be proprietary, confidential business records and/or trade secrets, which includes but is not limited to policies, procedures, videos, manuals and employee personnel files.

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

At this time, there are not any related cases or proceedings pending before another judge of this Court, or before another court of administrative body.

## XI. RELIEF

Plaintiff seeks the following relief through her statement of damages:

Past Wage Loss - $6,688.75 to $7,689.75

Future Wage Loss - to be determined

Past Medical Specials - $116,450.45

Future Medical Specials - to be determined

Miscellaneous - $2,621.76

General Damages - to be determined

Plaintiff calculated the above damages based on plaintiff's employment and medical records.

- 4 -

**JOINT CASE MANAGEMENT STATEMENT**
Hopkins v. Lowe's HIW, Inc., et al.
Case No. 3:08-cv-1378 CW

Defendant contends that if liability is established, damages should be calculated according to proof.

## XII. SETTLEMENT AND ADR

Pursuant to Northern District of California ADR Local Rule 3-5, the parties met and conferred to select an alternative dispute resolution process on May 23, 2008. Further, each party has filed the ADR Certification with the Stipulation to ADR Process and Proposed Order with this Court. The parties have discussed and will engage in private mediation.

In order to be in a position to negotiate a resolution, Defendant needs an opportunity to fully evaluate Plaintiff's claims, which includes, but is not limited to, an evaluation of any and all relevant medical records, depositions of witnesses and experts as well as a physical examination of Plaintiff by an independent medical examiner.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Both parties decline the jurisdiction of a magistrate judge over all further proceedings including trial and entry of judgment.

## XIV. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Defendant reserves the right to request that the trial be bifurcated on the issues of liability and damages, if appropriate.

## XVI. EXPEDITED SCHEDULE

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

A. <u>Proposed Date for Designation of Experts</u>: January 30, 2009.

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

B. <u>Proposed Discovery Cut-off Date</u>: February 27, 2009.

C. <u>Proposed Cut-off Date for Hearing of Dispositive Motions</u>: February 27, 2009.

D. <u>Proposed Pretrial Conference Date</u>: March 17, 2009.

E. <u>Proposed Trial Date</u>: March 30, 2009.

## XVIII. TRIAL

Defendant has demanded a jury trial in this matter. The parties expect that the trial will take 5 days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed the Certification of Interested Entities or Persons with this Court. Defendant identifies Lowe's HIW, Inc. and it's shareholders, officers and directors as having a direct, pecuniary interest in the outcome of this proceeding. Plaintiff identifies only herself as having an interest in the outcome of this proceeding.

## XX. OTHER MATTERS

At this time, there are no other issues or matters relating to the disposition of this matter.

Dated: June 6, 2008　　　　　　　　　　　　　THARPE & HOWELL

By: /s/ Gene B. Sharaga
　　GENE B. SHARAGA
　　Attorney for Defendant,
　　LOWE'S HIW, INC.

Dated: June 6, 2008　　　　　　　　　　　　　LAW OFFICES OF
　　　　　　　　　　　　　　　　　　　　　　　FRANK J. CHRISTY, JR.

By: /s/ Frank J. Christy, Jr.
　　FRANK J. CHRISTY, JR.
　　Attorney for Plaintiff,
　　TRESSA HOPKINS

- 6 -
**JOINT CASE MANAGEMENT STATEMENT**
Hopkins v. Lowe's HIW, Inc., et al.
Case No. 3:08-cv-1378 CW

<div style="margin-left: auto; margin-right: auto; text-align: center;">

*Hopkins v. Lowe's HIW, Inc., et al.*
Case No.

**PROOF OF SERVICE**

</div>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, California 91403.

3. I served copies of the following documents (specify the exact title of each document served): **JOINT CASE MANAGEMENT STATEMENT**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

<div style="text-align: center;">

Frank J. Christy, Jr., Esq.
LAW OFFICES OF FRANK J. CHRISTY, JR.
11 Western Avenue
Petaluma, CA 94952
(707) 773-2714; (707) 762-3538 - Fax
Attorneys for Plaintiff,
TRESSA JULENE HOPKINS

</div>

5. a. ☐ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ☒ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

- 7 -

**JOINT CASE MANAGEMENT STATEMENT**

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ❑ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ❑ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ❑ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ❑ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒ I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

❑ I declare that I am a member of the bar of this Court.

| June 6, 2008 | Marie Davis | _(signature)_ |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE) |

G:\Data\22031\Pleadings\Joint Case Management Statement.wpd

THARPE & HOWELL
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 8 -

**JOINT CASE MANAGEMENT STATEMENT**
Hopkins v. Lowe's HIW, Inc., et al.
Case No. 3:08-cv-1378 CW